IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SHANE WALDROP, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>CINEMARK USA, Inc.,<br><br>*Defendant*. | Civil Action No. 4:24-cv-321<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff, individually and on behalf of all other persons similarly situated, by his undersigned attorneys, alleges in this Class Action Complaint against Defendant Cinemark USA, Inc., based on personal knowledge of his own acts, and upon information and belief:

**I.   NATURE OF THE ACTION**

1. This is a consumer protection action arising out of deceptive and otherwise improper business practices that Defendant Cinemark USA, Inc. engaged in with respect to the packaging and serving size of its 24-ounce (oz) drink containers. The 24 oz plastic drink containers Defendant sells at its movie theater locations are marked as "24oz" on the bottom—but which cannot not hold 24 oz of liquid. Defendant markets and sells 24 oz drinks at a premium price, despite the containers being physically incapable of holding that amount of liquid.

2. Defendant, with intent to induce consumers to buy drinks served in its 24 oz drink containers, manufactures, markets, and sells the products in containers made, formed, or filled as to be misleading, in violation of the Federal Food Drug & Cosmetic Act (FDCA), 21 C.F.R. §§ 100 et seq., as well as state laws prohibiting misbranded food with requirements identical to federal law ("Products").

3. Upon information and belief, Defendant sold and continues to sell drinks served in its 24 oz drink containers made, formed, or filled as to be misleading during the class period.

4. The markings on the containers in comparison to the volume of the Products contained in it makes it appear that the Plaintiff and the Class members are buying more than what is being sold.

5. By the advertising and promoting 24 oz drinks to Plaintiff and Class members for a moderate price increase of a dollar over the 20 oz drink prices (for Plaintiff: $7.80 vs. $8.80 pre-tax, $8.44 vs. $9.53 after tax), Defendant induces its customers to buy the largest drink size:



6. Despite the advertised value, Defendant's 24 oz drink container only holds 22 oz of liquid and is incapable of providing the marketed and labeled amount of liquid sold.

7. This is especially misleading because the 24 oz drink should provide a deal for consumers over the 20 oz drink's price: $0.37 per ounce vs. $0.39 per ounce. But due to the actual volume of 22 oz available in the "24 oz" drink, the price is $0.40 per ounce making the larger drink more expensive per ounce, which is not a deal at all.

8.      Any reasonable purchaser would have relied in substantial part on Defendant's representations in its advertising and related pricing when making the decision to purchase a 24 oz drink from Defendant. The Plaintiff and the Class members viewed Defendant's misleading product packaging improperly marked as 24 oz and were thereby deceived into buying the drinks at a premium price.

9.      Plaintiff brings this proposed consumer class action on behalf of himself and all other persons nationwide, who from the applicable limitations period up to and including the present ("Class Period"), purchased for consumption, and not for resale, 24 oz drinks from Defendant.

10.     During the Class Period, Defendant manufactured, marketed, and sold 24 oz drinks throughout the United States.

11.     Defendant purposefully sold 24 oz drinks in containers made, formed, or filled as to be misleading, as the containers cannot contain 24 ounces.

12.     Defendant violated Texas consumer laws, including the Deceptive Trade Practices Act, a statute designed to protect consumers against unfair, deceptive, fraudulent, and unconscionable trade and business practices, and false advertising.

13.     Defendant has deceived the Plaintiff and other consumers nationwide by mischaracterizing the volume of its 24 oz drink containers. Defendant has been unjustly enriched because of its conduct.

14.     Plaintiff's claims are not barred by the doctrine of preemption because courts routinely recognize that state law causes of action are not preempted by the Nutritional Labeling and Education Act (codified as the "FDCA," 21 U.S.C.A. §§ 343 *et seq*.) if they "seek to impose requirements that are identical to those imposed by the FDCA." *Alce v. Wise Foods, Inc.*, 2018

WL 1737750, *4 (S.D. N.Y. 2018) (unreported opinion).

15. Plaintiff's claims are not barred by the doctrine of primary jurisdiction. Courts routinely refuse to apply the doctrine of primary jurisdiction to consumer cases. When U.S. Food and Drug Administration (FDA) policy is clearly established with respect to what constitutes an unlawful or misleading label, the primary jurisdiction doctrine is inapplicable because there is little risk that the courts will undermine the FDA's expertise. *Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182, 189 (S.D. N.Y. 2016).

## II.     JURISDICTION AND VENUE

16. The Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332, because this is a class action, as defined by 28 U.S.C.A. § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5 million, excluding interest and costs.

17. The Court has jurisdiction over the federal claims alleged herein pursuant to 28 U.S.C.A. § 1331 because it arises under the laws of the United States.

18. The Court has jurisdiction over the state-law claims because they form part of the same case or controversy under Article III of the United States Constitution.

19. The Court has personal jurisdiction over Defendant because:

   a. Defendant's Products are advertised, marketed, distributed, and sold throughout the nation;

   b. Defendant engaged in the wrongdoing alleged in this Complaint throughout the United States, including in Texas;

   c. Defendant is authorized to and does business in Texas; and

   d. Defendant has sufficient minimum contacts with Texas and/or otherwise has intentionally availed itself of the markets in Texas, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice.

20. Venue is proper in this District pursuant to 28 U.S.C.A. §§ 1391(a) and(b), because a substantial part of the events giving rise to the Plaintiff's claims occurred in this District, and Defendant is subject to personal jurisdiction in this District.

### III.    PARTIES

21. Plaintiff Shane Waldrop is, and at all relevant times hereto has been a citizen of Texas.  Plaintiff was exposed to Defendant's product packaging, and, reading its representations, purchased the inappropriately labeled 24 oz drink container for personal consumption within Texas.  Plaintiff bought a 24 oz drink container at Cinemark Tinseltown, Movies 17, Grapevine, Texas 76051, for the price of $8.80 before tax, for a total of $9.53 after tax, and was financially injured because of Defendant's deceptive conduct as alleged herein.  The Product purchased by Plaintiff is substantially similar to all the other packages of Defendant's drink containers, is similarly packaged and served in misleading containers, and Plaintiff has standing to represent purchasers of all Defendant's 24 oz drink containers.  Any reasonable purchaser would have relied in substantial part on Defendant's representations in its advertising and related pricing when making the decision to purchase a 24 oz drink from Defendant.  Further, should the Plaintiff encounter Defendant's 24 oz drink containers, in the future, he could not rely on the truthfulness of the packaging, absent corrective changes to the packaging.  Yet Plaintiff would still be willing to buy the current formulation of the 24 oz drinks, without the price premium and false representations, so long as Defendant engages in corrective advertising.

22. Defendant Cinemark USA, Inc. is a corporation organized under the laws of Texas with its headquarters at 3900 Dallas Pkwy, Ste 500, Plano, TX 75093-7865.  Defendant may be served with process by serving its registered agent, Corporation Service Company at 211 E. 7th Street, Suite 620 Austin, Texas 78701, or wherever it may be found.  Defendant manufactured,

packaged, distributed, advertised, marketed, and sold 24 oz drinks to thousands of customers nationwide.

## IV. FACTUAL ALLEGATIONS

23. Under the FDCA, 21 U.S.C.A. § 343(d), a food is considered misbranded "[i]f its container is so made, formed, or filled as to be misleading." Consumer protection laws of the 50 states and the District of Columbia correspond to the requirements of this provision.

24. Defendant owns and operates movie theaters across the nation. Each of these movie theaters is outfitted with concession counters that sell food and beverages to paying customers.

25. Defendant advertises that it sells two sizes of draft beer at its theaters. These two sizes are advertised as a 20 oz version and a 24 oz version and sold to paying customers with the plastic containers containing marks that list the alleged number of ounces the containers hold.

26. On February 14, 2024, Plaintiff Waldrop patronized Defendant's theater in Grapevine and purchased, among other items, a 20 oz and a 24 oz draft beer that was served in – which were served to him in Defendant's drink containers labeled with the ounce markings as shown below respectively:



27. Plaintiff, observing that the 24 oz container did not seem large enough to hold 24 ounces, took the empty container from the theater and measured the amount of liquid it could hold. He found the 24 oz container could not hold 24 ounces of liquid—instead it was merely able to contain 22 ounces of liquid.

28. Accordingly, Defendant's packaging and advertising of its 24 oz drinks violate various state laws against misbranding, which mirror federal law.

29. Defendant manufactures, packages, distributes, markets, and sells 24 oz drinks at its movie theaters throughout the United States.

30. Defendant has routinely and purposefully packaged 24 oz drinks in containers made, formed, or filled as to mislead consumers into believing that they were receiving more liquid than they actually purchased and received.

31. Plaintiffs were, and a consumer would also reasonably be, misled about the volume of Defendant's 24 oz drinks contained within the container in comparison to the size of the product's packaging. The size of the container in relation to the actual volume of the product contained in it was intended to mislead the consumer into believing the consumer was getting more of the product than what was in the container by a twelfth.

32. Any reasonable purchaser would have relied in substantial part on Defendant's representations in its advertising and related pricing when making the decision to purchase a 24 oz drink from Defendant. Accordingly, Plaintiff and the Class Members relied on the sizes of the containers to believe that the entire volume of the packaging of the products would be filled to capacity, exclusive of the container's functional elements, particularly since the actual volume was purposely concealed by the Defendant. Plaintiff and the Class Members reasonably relied on the expectation that the Defendant's products would contain the amount of liquid as advertised.

33. Defendant's product packaging allegedly specifies the amount of liquid contained within, but this is a misrepresentation causing consumers to be misled by the Defendant's intentional, routine, misleading product packaging that contains less liquid than advertised.

34. Defendant's packaging as alleged herein is deceptive and misleading and was designed to increase sales of its Products. Defendant's misrepresentations are part of its systematic packaging and pricing practice.

35. As any reasonable purchaser would have relied in substantial part on Defendant's representations in its advertising and related pricing when making the decision to purchase a 24 oz drink from Defendant—so too did Plaintiff and members of the proposed Class—causing them to buy Products that are misbranded and misrepresented.

36. At the point of sale, Plaintiff, and members of the proposed Class, did not know, and had no reason to know, that Defendant's 24 oz drinks were packaged misleadingly as set forth.

37. Defendant's packaging was a material factor in Plaintiff's and the members of the proposed Class decisions to buy the 24 oz drinks. Because of Defendant's packaging and misrepresentations, Plaintiff and members of the proposed Class believed that they were getting more liquid in Defendant's 24 oz drinks than was being sold and delivered to Plaintiff and members of the proposed Class.

38. Plaintiff and members of the proposed Class paid the full price for 24 oz drinks and received less of what the Defendant represented they would be getting due to the misrepresentations on its Products' packaging.

39. Defendant has reaped enormous profits from its false, misleading, and deceptive packaging and sale of its 24 oz drinks.

40. Plaintiff seeks injunctive relief, actual damages, restitution and/or disgorgement of

profits, statutory damages, attorney's fees, costs, and all other relief available to the Class because of the Defendant's unlawful conduct.

## V.     CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class ("Class"):

> **All persons or entities in the United States who made retail purchases of Defendant's 24 oz drinks during the applicable limitations period.**

42.     Because of potential reliance issues on a class-wide basis, Plaintiff also brings an initial sub class for Texas consumers under Texas's Deceptive Trade Practices Act and will include any other subclasses the Court may deem appropriate.

43.     Plaintiff brings the unconscionability arm of Count I of this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a sub class ("Texas Sub Class") tentatively defined as:

> **All natural persons who made retail purchases of Defendant's 24 oz drinks in Texas during the applicable limitations period.**

44.     The proposed Class and Texas Sub Class excludes current and former officers and directors of the Defendant, members of the immediate families of the officers and directors of the Defendant, the Defendant's legal representatives, heirs, successors, assigns, and any entity in which it has or has had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

45.     Plaintiff reserves the right to revise the Class and Texas Sub Class definitions based on facts learned while litigating this matter.

46.     The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to the Plaintiff at this time and can be determined only through the appropriate discovery, the Plaintiff believes that there are

thousands of members in the proposed Class. Other members of the Class may be identified from records maintained by Defendant and may be notified of the pendency of this action by mail, or by advertisement, using the form of notice like that customarily used in class actions such as this.

47. Plaintiff's claims are typical of the claims of the members of the Class and Texas Sub Class as all members of the Class and Texas Sub Class are similarly affected by the Defendant's wrongful conduct.

48. The Plaintiff will fairly and adequately protect the interests of the members of the Class and Texas Sub Class in that the Plaintiff has no interests antagonistic to those of the other members of the Class or Texas Sub Class. The Plaintiff has retained experienced and competent counsel.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Class members may be small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually seek redress for the wrongful conduct alleged herein. If Class treatment of these claims were unavailable, Defendant would likely unfairly receive hundreds of thousands of dollars or more in improper charges and litigation expenses.

50. Common questions of law and fact exist as to all members of the Class and Texas Sub Class and predominate over any questions solely affecting individual members of the Class or Texas Sub Class.

51. The Class and Texas Sub Class are readily definable, and prosecution of this action as a class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages suffered by any individual class member are too small to make it economically feasible for an individual class member to prosecute a separate action, and it is desirable for judicial efficiency to concentrate the litigation of the claims in this forum. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted here. There will be no difficulty in the management of this action as a class action.

53. The prosecution of separate actions by members of the Class and Texas Sub Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for the Defendant.

## VI.   CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

54. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

55. Plaintiff brings this claim individually and on behalf of the other members of the Class for violating Texas's Deceptive Trade Practices Act ("DTPA").

56. By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misbranding its 24 oz drinks as seeming to contain more in the packaging than is actually included.

57. The practices employed by the Defendant, through which the Defendant advertised, promoted, marketed, and sold its 24 oz drinks in misleading containers resulting in Products that are unfair, deceptive, and misleading and are in violation of the DTPA.

58. These foregoing deceptive acts and practices were directed at consumers by

Defendant with knowledge that the consumers would not know they were being deceived—which is unconscionable.

59. Plaintiff and the other Class Members suffered a loss because of the Defendant's deceptive and unfair trade acts. As a result of Defendant's unconscionable behavior and deceptive and unfair acts and practices, Plaintiff and the other Class Members suffered monetary losses associated with the purchase of Defendant's 24 oz drinks, by receiving less than the capacity of the packaging due to misrepresentations.

## COUNT II
## NEGLIGENT MISREPRESENTATION

60. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and further allege as follows:

61. Defendant made false representations, concealment, and nondisclosures to the Plaintiff and the Members of the Class Defendant, through its deceptive packaging of 24 oz drinks makes uniform representations about the product.

62. To state a claim for a negligent misrepresentation, a plaintiff must show that:

   a. the defendant had a duty, because of a special relationship, to give correct information;

   b. the defendant made a false representation that they should have known was incorrect;

   c. the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose;

   d. the plaintiff intended to rely and act on it; and

   e. the plaintiff reasonably relied on it to their detriment. *Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182, 192 (S.D. N.Y. 2016).

63. The existence of a special relationship between parties depends on whether the person making the representation held or appeared to hold unique or special expertise, whether a

special relationship of trust or confidence existed between the parties, and whether the speaker was aware of the use to which the information would be put and supplied it for that purpose. *Id*. at 193.

64. Plaintiff and the Members of the Class and Defendant had a special relationship. Defendant, as the manufacturer, packager, labeler, and initial seller of its 24 oz drinks purchased by the Plaintiff and the Members of the Class, had a duty to disclose the truth about the products and not sell the Products without the advertised amount of liquid. Defendant had exclusive knowledge of material facts not known or reasonably accessible to the Plaintiff and the Members of the Class; Defendant actively concealed material facts from the Plaintiff and the Members of the Class and Defendant made partial representations that are misleading because some other material fact has not been disclosed. Defendant's failure to disclose the information it had a duty to disclose constitutes material misrepresentations and materially misleading omissions that misled the Plaintiff and the Members of the Class, who relied on Defendant in this regard to disclose all material facts accurately and truthfully and fully.

65. The Plaintiff and members of the Class reasonably relied on Defendant's representation that its product packaging contained more product than provided as any reasonable purchaser would have relied in substantial part on Defendant's representations in its advertising and related pricing when making the decision to purchase a 24 oz drink from Defendant.

66. In making the representations of fact to the Plaintiff and members of the described Class, the Defendant failed to fulfill its duties to disclose the material facts set forth above. The direct and proximate cause of this failure to disclose was the Defendant's negligence.

67. Plaintiff and the members of the Class would have acted differently had they not been misled, as they would not have paid money for Defendant's 24 oz drinks at a premium price.

68. Plaintiff and the members of the Class relied on these false representations and

nondisclosures by the Defendant when purchasing its 24 oz drinks, on which reliance was justified and reasonably foreseeable because any reasonable purchaser would have relied in substantial part on Defendant's representations in its advertising and related pricing when making the decision to purchase a 24 oz drink from Defendant.

69.     As a direct and proximate result of the Defendant's wrongful conduct, Plaintiff and the members of the Class have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to, the amounts paid for 24 oz drinks.

## COUNT III
## COMMON LAW FRAUD

70.     Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and further allege as follows:

71.     Defendant intentionally made materially false and misleading representations about the amount of liquid within each container of its 24 oz drinks.

72.     Plaintiff and the members of the Class were induced by and relied on—as any reasonable consumer would—the Defendant's false and misleading packaging, representations, and omissions.  Plaintiff and the members of the Class did not know then they were purchasing products that did not contain 24 oz of liquid as advertised.

73.     Though Defendant knew or should have known of its false and misleading labeling, packaging, and misrepresentations and omissions; Defendant still promoted—and encouraged customers to buy—its 24 oz drinks in a misleading and deceptive manner.  Had the Defendant adequately disclosed the true amount of liquid in its 24 oz drinks within each package, the Plaintiff and the Class members would not have purchased these products.

74.     Plaintiff and the members of the Class have been injured because of the Defendant's fraudulent conduct.

## COUNT IV
## UNJUST ENRICHMENT

75. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and further allege as follows:

76. Because of the Defendant's deceptive, fraudulent, and misleading labeling, packaging, advertising, marketing, and sales of its 24 oz drinks, Defendant was enriched, at the expense of Plaintiff and members of the Class, through the payment of the purchase price for Defendant's product.

77. Plaintiff and the members of the Class conferred a benefit on the Defendant through purchasing 24 oz drinks, and the Defendant knew about these benefits and has voluntarily accepted and retained the benefits conferred on it.

78. Defendant will be unjustly enriched if it is allowed to retain such funds related to the many purchases of its 24 oz drinks, and each Class member is entitled to an amount equal to the amount they enriched the Defendant and for which the Defendant has been unjustly enriched.

79. Under the circumstances, it would be against equity and good conscience to permit the Defendant to retain the ill-gotten benefits that they received from the Plaintiff, and all others similarly situated, because the volume of the products purchased by the Plaintiff and the Class, was not what Defendant purported it to be by its labeling and packaging.

### VII.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against the Defendant as follows:

a. For an Order certifying the nationwide Class and under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and the Plaintiff's attorneys as Class Counsel to represent members of the Class;

b. For an Order declaring the Defendant's conduct violates the referenced statute;

    c.       For an Order finding in favor of Plaintiff and the members of the Class;

    d.       For compensatory damages in amounts to be determined by the Court and/or jury;

    e.       For prejudgment interest on all amounts awarded;

    f.       For an Order of restitution and all other forms of equitable monetary relief;

    g.       For injunctive relief to repackage Defendant's 24 oz drinks with the proper amount of advertised liquid or as the Court may find proper;

    h.       For an Order awarding Plaintiff and the members of the Class their reasonable attorney's fees and expenses and costs of suit; and

    i.       For any other relief that the Court deems just and proper.

## VIII.  DEMAND FOR TRIAL BY JURY

Plaintiff, individually and on behalf of all others similarly situated, demands a jury trial on all claims so triable.

Respectfully submitted,

*/s/ Jarrett L. Ellzey*

**ELLZEY & ASSOCIATES, PLLC**
Jarrett L. Ellzey
Texas Bar No. 24040864
jarrett@ellzeylaw.com
Leigh S. Montgomery
Texas Bar No. 24052214
leigh@ellzeylaw.com
Alexander G. Kykta
Texas Bar No. 24107841
alex@ellzeylaw.com
1105 Milford Street
Houston, Texas 77006
Phone: (888) 350-3931
Fax: (888) 276-3455

**MUNSCH HARDT KOPF & HARR, P.C.**
Eddy L. De Los Santos
Texas Bar No. 24040790
edelossantos@munsch.com
700 Milam Street, Suite 800
Houston, Texas 77002-2806
Phone: (713) 222-4021

**ATTORNEYS FOR PLAINTIFFS**