# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SHANE WALDROP, individually and on behalf of all others similarly situated, § § § | |
| *Plaintiff,* § | |
| v. § | Civil Action No. 4:24-cv-321 |
| § | Judge Mazzant |
| CINEMARK USA, INC., § § | |
| *Defendant.* § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rules 9(b), 12(b)(1), and 12(b)(6) (Dkt. #12). After reviewing the Motion, relevant pleadings, and applicable law, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is a class action lawsuit arising from allegedly deceptive and improper business practices (Dkt. #9 at p. 1). Defendant is a nationwide movie theater chain incorporated under the laws of Texas (Dkt. #9 at ¶ 20). Similarly, Defendant's headquarters is located in the Lone Star State (Dkt. #9 at ¶ 20). In addition to movie tickets, Defendant sells its customers food and beverages, one of which is draft beer served in clear plastic cups (Dkt. #9 at ¶¶ 22, 24–25).

On February 14, 2024, Plaintiff purchased a twenty-four-ounce beer from one of Defendant's locations in Grapevine, Texas (Dkt. #9 at ¶ 24). Skeptical of the cup's capacity, Plaintiff took it home and "perform[ed] [a] liquid capacity test" (Dkt. #9 at ¶ 26). Confirming Plaintiff's suspicion, the test revealed that the container could not hold twenty-four-ounces; it could only hold twenty-two (Dkt. #9 at ¶ 26). Consequently, on March 16, 2024, Plaintiff filed a

class-action lawsuit against Defendant, "individually and on behalf of all others similarly situated," which he later amended on September 3, 2024 (*See* Dkt. #1; Dkt. #9).

Through his Complaint, Plaintiff brings claims for (1) violations of the Deceptive and Unfair Trade Practices Act, (2) negligent misrepresentation, (3) common law fraud, (4) breach of express warranty, and (5) unjust enrichment (Dkt. #9 at ¶¶ 53–88). On September 24, 2024, Defendant filed this Motion seeking to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6) (Dkt. #12). On October 8, 2024, Plaintiff filed his Response (Dkt. #15). Then, on October 15, 2024, Defendant filed its Reply (Dkt. #16). The Motion is ripe for adjudication.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*,

26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## ANALYSIS

The issue before the Court is whether Plaintiff has adequately pleaded sufficient facts to establish that he has met the amount in controversy requirement for a class action. *See* 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."). Although Defendant's Motion raises several additional substantive legal challenges to Plaintiff's claims, the Court cannot properly address those issues unless and until it is satisfied that Plaintiff has met the threshold pleading requirement concerning the amount in controversy. As explained below, the Court finds that Plaintiff's allegations fall short of that mark.

### I.     Defendant's 12(b)(1) Motion to Dismiss

Defendant argues that Plaintiff's Complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because: (1) there is no diversity between the parties; and (2) Plaintiff has failed to plead facts sufficient to satisfy the amount in controversy requirement (Dkt. #12 at pp. 13–16). The Court addresses each argument in turn.

> **A.    The Court has diversity jurisdiction over the parties under 28 U.S.C. § 1332(d)(2).**

Defendant first contends that the Court lacks subject matter jurisdiction over this suit because there is no diversity between the parties (Dkt. #12 at p. 14). Because both parties are Texas citizens, Defendant argues that the diversity requirements have not been met (Dkt. #12 at p. 14). *See* 28 U.S.C. § 1332(d)(2) (requiring minimal diversity and an amount in controversy greater than $5 million, exclusive of interest and costs). Additionally, Defendant argues that Plaintiff did not adequately allege the amount in controversy under the Class Action Fairness Act ("CAFA") (Dkt. #12 at p. 14). As explained below, the Court finds that it has subject matter jurisdiction by way of diversity and agrees that Plaintiff did not sufficiently plead facts satisfying the amount in controversy requirement.

> **1.    The parties are minimally diverse.**

According to Defendant, Plaintiff has not met the diversity requirement because he did not identify any class member that resides in a state other than Texas (Dkt. #12 at p. 14). Conversely, Plaintiff contends that while the members of the class are unknown and determinable only through discovery, "there are thousands of members in the [proposed] Class" (Dkt. #9 at ¶ 45). The question before the Court, then, is whether Plaintiff has established minimal diversity. He has.

"CAFA does not replace the basic diversity requirements; it supplements them. That means that a class action case not arising under federal law can be lodged in federal court if it meets either the basic diversity requirements or CAFA's requirements." 2 W. Rubenstein, Newberg on Class Actions § 6:6 (5th ed.) (emphasis in original). Federal district courts have jurisdiction over cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties. 28 U.S.C. § 1332(a). Alternatively, "CAFA provides district courts with

jurisdiction over 'class action[s]' in which the matter in controversy exceeds $5,000,000 and at least one class member is a citizen of a State different from the defendant." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019) (citing § 1332(d)(2)(A)).

The Fifth Circuit has clarified that CAFA refers to the citizenship of "any class member and any defendant." *In re Katrina Canal Litig. Breaches*, 524 F.3d 700 (5th Cir. 2008). In other words, "CAFA, in expanding federal jurisdiction over certain class actions filed in state court, escaped the rule that citizenship of the named representative is controlling." *Id.*; *see also Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676–77 (7th Cir. 2006) ("Because [the class representative] is a citizen of Pennsylvania [too], *in the absence of CAFA* nothing would support federal subject-matter jurisdiction over these claims. That is because § 1332 requires 'complete diversity,' meaning that no plaintiff may be from the same state as any defendant, and in class actions only the citizenship of the named plaintiff counts.") (emphasis added).

It is undisputed that the parties are Texas citizens (Dkt. #9 at ¶¶ 19–20; Dkt. #12 at p. 13). Plaintiff alleges that because Defendant operates in forty-two states, Defendant has "deceived consumers nationwide," not just those in Texas (Dkt. #9 at ¶ 12). As the Court has previously held, diversity alleged through proposed class members—when done in good faith—is sufficient to establish minimal diversity. *See Smith v. American Pain and Wellness, PLLC*, 747 F. Supp. 3d 989, 999 (E.D. Tex. Sep. 3, 2024) (finding minimal diversity where the plaintiff "alleged that many members of the proposed class [were] from different states than [the defendant]"). Thus, as the record stands, the Court finds that minimal diversity exists between the parties under CAFA.

    **2.**    **Plaintiff has not sufficiently alleged the amount in controversy.**

In his Complaint, Plaintiff alleges that "the amount in controversy exceeds the sum or value of $5 million, excluding interest and costs" (Dkt. #9 at ¶ 15). Defendant counters that Plaintiff's

allegations are insufficiently alleged because they are "so quintessentially conclusory that they are not factual allegations at all" (Dkt. #16 at p. 3). The Court agrees with Defendant.

Under CAFA, the aggregate amount in controversy for class or mass actions must exceed $5 million. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 166 (2014). The plaintiff's burden to demonstrate the amount in controversy is "[n]ormally . . . satisfied if the plaintiff claims a sum greater than the jurisdictional requirement." *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (citations omitted). "The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (citations omitted). "A claim for damages made in apparent good faith controls the jurisdictional question . . . ." *Jouett Investments Inc. v. Intuit Inc.*, No. 3:14-CV-1803-L, 2015 WL 3770715, at *7 (N.D. Tex. June 15, 2015). And the Court can apply common sense when evaluating the amount in controversy claimed. *Robertson*, 814 F.3d at 240.

Here, Plaintiff did not meet the amount in controversy requirement. The Court's prior ruling in *Smith v. American Pain and Wellness, PLLC* is instructive on this point. 747 F. Supp. 3d at 999. In *Smith*, the plaintiff—on behalf of all members in the proposed class—similarly alleged that "the amount in controversy exceed[ed] $5 million, exclusive of interest and costs" (*See* Dkt. #9 at ¶ 15). *Id.* Because the plaintiff brought its action on behalf of "approximately 7,457 persons," the Court held that the plaintiff met their burden to demonstrate that the amount in controversy exceeded $5 million as required under CAFA. *Id.*

*Smith* is distinguishable from the present case because the plaintiff's proposed class size made the amount in controversy calculable. *Id.* Here, Plaintiff has not stated—or otherwise

6

"ballparked"—how many individuals will make up the class, besides claiming that Defendant "sold 24 oz drinks to thousands of customers nationwide" (Dkt. #9 at ¶ 20). Rather, Plaintiff merely "*believes* that there are thousands of members in the Class" (Dkt. #9 at ¶ 45) (emphasis added). Making matters worse, Plaintiff has not suggested *any* amount—let alone a specific amount—that would satisfy the amount in controversy requirement (*See* Dkt. #9). Instead, he asserts only that the relief sought "exceeds the sum or value of $5 million" (Dkt. #9 at ¶ 15). Moreover, Plaintiff admits that "the damages sustained by individual Class members may be small" (Dkt. #9 at ¶ 48). In essence, Plaintiff urges the Court to aggregate a "small amount of damages" for what he believes to be "thousands of members" to satisfy the amount in controversy requirement (Dkt. #9 at ¶¶ 45,48). Plaintiff's obligation at this juncture is to specifically allege an amount in controversy, yet at best, he has alleged only an enigma in controversy.

In sum, the Court cannot intervene *sua sponte* and aggregate an admittedly small amount of damages from an unknown class to meet Plaintiff's legal burden. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir. 1998) ("The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction."). The Court will, however, grant Plaintiff leave to amend its Complaint with facts reasonably supporting a sufficient amount in controversy to the extent those facts exist. Thus, the Court finds that Defendant's Motion to Dismiss should be **DENIED**.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rules 9(b), 12(b)(1), and 12(b)(6) (Dkt. #12) is hereby **DENIED** without prejudice.

It is further **ORDERED** that Plaintiff should file a Second Amended Complaint within fourteen days of the entry of this Order.

    **IT IS SO ORDERED.**

    **SIGNED this 24th day of June, 2025.**

    _____
    AMOS L. MAZZANT
    UNITED STATES DISTRICT JUDGE